IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES WILLIAMS, | ) | No. C 12-05045 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| D. BRIGHT, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner at Correctional Training Facility, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be

liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges violations of the Eighth Amendment and the Americans with Disabilities Act ("ADA").  Plaintiff states that his special medical accommodation chronos, such as a lower bunk, cane and other healthcare appliances, that he had for ten years were discontinued.  Plaintiff states this was in retaliation for grievances he filed, but plaintiff fails to provide any information regarding these grievances, their substance and how it involved the only defendant in this case.  The sole defendant in this case, Dr. Bright, interviewed Plaintiff regarding the grievance he filed that requested the return of the chronos.  Dr. Bright noted that Plaintiff's medical records indicated that Plaintiff no longer needed the chronos.  Plaintiff disagrees with this interpretation of his medical records.  Several months later Plaintiff fell while walking, which he says was the result of not having the cane.  Though it does not appear plaintiff suffered any injuries from the fall other than perhaps swelling in his knee and trouble standing.

The complaint will be DISMISSED with leave to amend.  Plaintiff must provide more information regarding how Defendant was deliberately indifferent to Plaintiff's serious medical needs.  Based on the present complaint it appears there was just a difference of opinion which fails to state an Eighth Amendment claim.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

1  grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en
2  banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of
3  "deliberate indifference" involves an examination of two elements: the seriousness of the
4  prisoner's medical need and the nature of the defendant's response to that need.  See
5  McGuckin, 974 F.2d at 1059.

6        The ADA provides that "no qualified individual with a disability shall, by reason
7  of such disability, be excluded from participation in or be denied the benefits of the
8  services, programs, or activities of a public entity, or be subjected to discrimination by
9  any such entity."  42 U.S.C. § 12132.  The ADA is applicable to state prisons receiving
10 federal financial assistance.  See Armstrong v. Wilson, 124 F.3d 1019, 1022–23 (9th Cir.
11 1997); Bonner v. Lewis, 857 F.2d 559, 562 (9th Cir.1988).

12       The elements of a claim under the ADA are that: (1) the plaintiff is a handicapped
13 person under the ADA, (2) he is otherwise qualified, (3) the relevant program receives
14 federal financial assistance, and (4) the defendants impermissibly discriminated against
15 him on the basis of the handicap.  See Bonner, 857 F.2d at 562–63.  Plaintiff has failed to
16 allege discrimination based on his handicap, only that he did not receive proper care for
17 his disability which does not state a claim under the ADA.

18
19 **CONCLUSION**
20 For the foregoing reasons, the Court orders as follows:
21 The complaint is DISMISSED with leave to amend.  Within **twenty-eight (28)**
22 **days** of the date this order is filed, Plaintiff shall file an amended complaint using the
23 court's form complaint.  The amended complaint must include the caption and civil case
24 number used in this order and the words "AMENDED COMPLAINT" on the first page
25 and write in the case number for this action, Case No. C 12-05045 EJD (PR).  Plaintiff
26 must answer all the questions on the form in order for the action to proceed.
27 ///
28 ///

1   **Failure to respond in accordance with this order by filing an amended**
2   **complaint will result in the dismissal of this action without prejudice and without**
3   **further notice to Plaintiff.**
4       The Clerk shall include two copies of the court's complaint with a copy of this
5   order to Plaintiff.

7   DATED:  12/6/2012

                                          EDWARD J. DAVILA
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPT OF CORRECTIONS et al,<br><br>        Defendant. | Case Number: CV12-05045 EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Williams P-03584
P. O. Box 705
Soledad, CA 03960-0705

Dated: December 6, 2012

                                          Richard W. Wieking, Clerk
                                          /s/ By: Elizabeth Garcia, Deputy Clerk