UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>          Plaintiff,<br><br>   v.<br><br>D. BRIGHT, et al.,<br><br>          Defendants. | Case No. 12-cv-05045-JST (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California prisoner currently incarcerated at the Correctional Training Facility ("CTF") and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and plaintiff filed a timely amended complaint. The Court now reviews the amended complaint and dismisses it for failing to correct the deficiencies in the original complaint.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3    statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon
4    which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although
5    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
6    obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
7    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
8    Factual allegations must be enough to raise a right to relief above the speculative level." Bell
9    Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint
10   must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

11   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
12   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
13   the alleged violation was committed by a person acting under the color of state law. See West v.
14   Atkins, 487 U.S. 42, 48 (1988).

15   **B.    Legal Claims**

16   In his original complaint, plaintiff alleged that, prior to 2011, he had been receiving
17   various special medical accomodations for mobility impairments in his lower back and knees.
18   Plaintiff further alleged that, in 2011, defendant CTF physician D. Bright, D.O. removed plaintiff
19   from the disability program based on a finding that plaintiff no longer had a mobility impairment.

20   The original complaint alleged violations of the Americans with Disabilities Act ("ADA")
21   and the Eighth Amendment's proscription against cruel and unusual punishment. As to the ADA
22   claim, it was explained to plaintiff that the complaint did not state a claim under the ADA as
23   plaintiff failed to allege discrimination based on his handicap. As to the Eighth Amendment
24   claim, it was explained to plaintiff that he had alleged nothing more than a difference of medical
25   opinion, which failed to state an Eighth Amendment claim. Plaintiff was advised that he would
26   have to provide more information regarding how defendant D. Bright was deliberately indifferent
27   to plaintiff's serious medical needs.

28   In the amended complaint, plaintiff has not alleged the elements of a proper ADA claim or

2

Eighth Amendment claim. Plaintiff again fails to allege discrimination based on his handicap. Moreover, plaintiff repeats his allegations that defendant D. Bright denied plaintiff treatment, which denial was contrary to the earlier recommendations of plaintiff's care providers. Consequently, the amended complaint again alleges nothing more than a disagreement in the interpretation of medical records or difference of medical opinion. Accordingly, these claims will be dismissed without further leave to amend.

Plaintiff attempts to add two new defendants in his amended complaint – M.E. Spearman ("Spearman") and John Clark Kelso ("Kelso"). Plaintiff identifies Spearman as the Warden of CTF. Plaintiff identifies Kelso as the "Health Care Receiver" for CDCR. Plaintiff appears to sue Spearman and Kelso in their supervisory capacity. A supervisor may be liable under 42 U.S.C. § 1983 upon either a showing of the supervisor's personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Consequently, a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under no circumstances is there respondeat superior liability under 42 U.S.C. § 1983, i.e., under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Id. Here, none of the allegations in the amended complaint link Spearman or Kelso to any of plaintiff's claims. In short, plaintiff's addition of defendants does not state a cognizable claim for relief.

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED because the amended complaint fails to state a cognizable claim for relief. Further leave to amend will not be granted because the Court

///
///
///
///

3

already has explained to plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 22, 2013



_____
JON S. TIGAR
United States District Judge